UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 19-CR-20858-MOORE/Elfenbein

**UNITED STATES OF AMERICA**,

v.

**ALAIN JEANVILLE**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS MATTER** came before the Court for a revocation hearing on September 3, 2024, upon a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"), ECF No. [77], as to Defendant, Alain Jeanville ("Defendant").[1]

### RELEVANT BACKGROUND

Defendant was convicted on June 12, 2020, of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b), and aggravated identity theft, in violation of 18 U.S.C. § 1028A. *See* ECF No. [64]. He commenced his term of supervised release on January 6, 2023, and is scheduled to terminate supervision on January 5, 2026.

On March 6, 2023, with Defendant's consent, the Court modified Defendant's conditions of supervised release to require that Defendant pay restitution at a rate of $30 per month, but the Court took no action on a urinalysis test that was positive for the presence of marijuana. *See* ECF

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect any and all violations of Supervised Release as to Defendant, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. *See* ECF No. [83].

No. [76]. On June 17, 2024, the Probation Officer notified the Court of the Defendant's non-compliance with the conditions of his supervised release, as outlined below, and on the next day, the Court issued a Summons for Defendant based on the allegations in the Petition. *See* ECF No. [77]. On July 2, 2024, Defendant appeared before the Court for his initial appearance on the Petition, and the Federal Public Defender was appointed to represent him. *See* ECF No. [80]. The undersigned conducted the revocation hearing on September 3, 2024. *See* ECF No. [91].

The violations alleged in the Petition are as follows:

1. **Violation of Standard Condition**, by failing to follow instructions of the probation officer. On April 30, 2024, the defendant met with this officer for a scheduled appointment to address requested actions that needed to be completed. The defendant signed a Letter of Instruction outlining pending tasks and was provided a deadline date of May 7, 2024. The defendant was instructed to report to the Miami Courthouse North probation office on May 7, 2024, and he failed to comply.

2. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On April 30, 2024, the defendant was provided the financial investigation packet for his self-reporting of all finances to include 1) Net Worth Statement, 2) Monthly Cash Flow Statement, and 3) Declaration of Defendant or Offender Net Worth & Cash Flow Statements. The defendant was instructed to complete and return the financial investigation packet on May 7, 2024, and he failed to complete the financial investigation packet as instructed.

3. **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On April 30, 2024, the defendant was questioned regarding his current place of employment, including the name, address, employment schedule, income, and he was instructed to provide four (4) recent pay stubs. The defendant stated, he works at the Puttery located in Wynwood, Florida and earns $16.00 per hour, when in fact, a statement obtained from an on-site manager during an employment visit on May 8, 2024, indicated the defendant is not an employee at the Puttery.

ECF No. [77] at 2.

## REVOCATION HEARING

All parties, including counsel for the United States, United States Probation Officer Rodney Valcin, Defendant, and Defendant's counsel, appeared at the hearing prepared to

proceed. At the start of the hearing, Defendant indicated his intention to admit to Violations 1 through 3 as alleged in the Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to the violations in the Petition is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to two years' imprisonment and up to three years of supervised release. Defendant acknowledged that he understands the maximum penalties. Accordingly, based on the representations on the record from Defendant, Defendant's counsel, the Government, and the United States Probation Officer, and having had the opportunity to observe and hear directly from Defendant, the undersigned **recommends that the Court set the matter for a final hearing and accept Defendant's admission of guilt as to Violations 1 through 3 as charged in the Petition, ECF No. [77].**

The parties will have **FOURTEEN (14) DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida on September 16, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
Hon. K. Michael Moore, U.S. District Judge
Counsel of Record